Filed 7/8/26  P. v. Ortiz CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RYAN ANTHONY ORTIZ,<br><br>    Defendant and Appellant. | H053319<br>(Santa Clara County<br>Super. Ct. No. C2409788) |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion under California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

Defendant Ryan Anthony Ortiz was convicted by jury of three misdemeanors.  He was initially charged with felony possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 1), felony sale of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 2), misdemeanor possession of burglary tools (Pen. Code, § 466; count 3), and misdemeanor possession of controlled substance paraphernalia (Health & Saf. Code, § 11364, subd. (a); count 4).  The charges were based on a single incident in which police searched defendant's motorcycle, finding drugs (including methamphetamine) and a skeleton key.

On counts 1 and 2, the jury found defendant not guilty of the charged felonies but found him guilty of misdemeanor methamphetamine possession (Health & Saf. Code,

§ 11377) as a lesser included offense on both counts. The jury acquitted defendant of possessing burglary tools (count 3) but found him guilty of possessing controlled substance paraphernalia (count 4). At the sentencing hearing, the trial court stated its intent to suspend imposition of sentence and place defendant on informal probation for one year, with conditions including 360 days in jail.

Defendant's sole contention on appeal is that the two convictions for methamphetamine possession were based on the same act and one of them must therefore be reversed. The Attorney General agrees, as do we. "A defendant may be charged in an accusatory pleading with 'two or more different offenses connected together in their commission' and 'may be convicted of any number of the offenses charged' " but, "if two alleged offenses are 'different statements of the same offense' ([Pen. Code,] § 954), both offenses may be charged based on the same act, but convictions for both cannot stand." (*People v. Aguayo* (2022) 13 Cal.5th 974, 979.) " 'The most reasonable construction of the language in [Penal Code] section 954 is that the statute authorizes multiple convictions for different or distinct offenses, but does not permit multiple convictions for a different statement of the same offense when it is based on the same act or course of conduct.' " (*People v. Vidana* (2016) 1 Cal.5th 632, 650.) Penal Code section 954 thus does not authorize multiple convictions for defendant's possession of methamphetamine on this record.

The parties correctly agree that the conviction on count 2 must be vacated. Defendant urges us to "remand the case back to the trial court" (presumably for vacatur and possible resentencing), while the Attorney General asks us to vacate the conviction and affirm the judgment as modified. Because the record does not indicate defendant's current status or the extent to which the invalid conviction may have influenced the trial court's sentencing choices, we will remand the matter for appropriate action by the trial court.

2

**DISPOSITION**

The judgment is reversed and the matter is remanded with directions to vacate the conviction on count 2 and to proceed with resentencing as necessary.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

H053319
*The People v. Ortiz*